Ermenegildo CESARINI and Mary C. Cesarini, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 19598.

United States Court of Appeals, Sixth Circuit.

July 14, 1970.

Dennis E. Murray, Sandusky, Ohio, for plaintiffs-appellants; Murray & Murray, Sandusky, on brief.

Karl Schmeidler, Dept. of Justice, Washington, D. C., for defendant-appellee; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Thomas L. Stapleton, Stephen H. Hutzelman, Attys., Dept. of Justice, Washington, D. C., on brief; Bernard J. Stuplinski, U. S. Atty., Toledo, Ohio, of counsel.

Before PHILLIPS, Chief Judge, Mc-CREE, Circuit Judge, and O'SULLI-VAN, Senior Circuit Judge.

PER CURIAM.

Plaintiffs appeal from a judgment of the District Court for the Northern District of Ohio, Western Division, which denied their claim for the recovery of income tax paid in the year 1964. In that year the plaintiffs, husband and wife, paid the sum of $836.51 as the income tax due on currency in the amount of $4,467 found by them in a second-hand piano which they had purchased in the year 1957 for the sum of $15.00. Upon denial of their claim for refund, they began this suit. The facts were stipulated and are recited in the opinion of Honorable Don J. Young, reported as Cesarini v. United States, 296 F.Supp. 3 (N.D. Ohio, W.D., 1969), as follows:

"In 1957, the plaintiffs purchased a used piano at an auction sale for approximately $15.00, and the piano was used by their daughter for piano lessons. In 1964, while cleaning the piano, plaintiffs discovered the sum of $4,467.00 in old currency, and since have retained the piano instead of discarding it as previously planned. Being unable to ascertain who put the money there, plaintiffs exchanged the old currency for new at a bank, and reported the sum of $4,467.00 on their 1964 joint income tax return as ordinary income from other sources. On October 18, 1965, plaintiffs filed an amended return with the District Director of Internal Revenue in Cleveland, Ohio, this second return eliminating the sum of $4,467.00 from the gross income computation, and requesting a refund in the amount of $836.51, the amount allegedly overpaid as a result of the former inclusion of $4,467.00 in the original return for the calendar year of 1964. On January 18, 1966, the Commissioner of Internal Revenue rejected taxpayers' refund claim in its entirety, and plaintiffs filed the instant action in March of 1967." 296 F.Supp. at 4.

We affirm.

Plaintiffs' contentions here, as in the District Court, are first, that the cash found in the piano was not taxable income; second, that if the cash was taxable income, it became such in the year

1957 when the piano was purchased and the statute of limitations foreclosed the assessment of tax in the year of its being found—1964; and third, that in all events the tax should be computed at capital gains rate.

The District Judge to whom the case was tried rejected all of these claims. We consider that his opinion, so reported at 296 F.Supp. 3, adequately discusses the facts and correctly applies relevant rules of law. We find no need to supplement it.

Judgment affirmed.